UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVEN FERDMAN<br><br>        Plaintiff,<br><br>- against -<br><br>NEW YORK MEDIA LLC<br><br>        Defendant. | Docket No. 17-cv-9602<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Steven Ferdman ("Ferdman" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant New York Media LLC ("NY Media" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of lead actor Tom Holland in a Spiderman suit. The photograph is owned and registered by Ferdman, a New York-based professional photographer. Accordingly, Plaintiff seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or transacts business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Ferdman is a professional photojournalist having a usual place of business at 201 West 72 Street, Apt. 18E, New York, New York 10023.

6. Upon information and belief, NY Media is a limited liability company duly organized and existing under the laws of Delaware, with a place of business at 75 Varick Street, 4th Floor, New York, NY 10013.

7. NY Media is registered with the New York Department of State, Division of Corporations to do business in the State of New York.

8. At all times material hereto, NY Media has owned and/or operated a website at the URL: www.Vulture.com (the "Website").

9. NY Media is a for-profit entity.

10. NY Media publishes news content on the Website.

## STATEMENT OF FACTS

**A.  Background and Plaintiff's Ownership of the Photograph**

11. Ferdman photographed the lead actor Tom Holland in a Spiderman suit (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

12. Ferdman then licensed the Photograph to third party stock photo agencies.

13. Ferdman is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

14.     The Photograph was registered with the U.S. Copyright Office and was given Copyright Registration Number VA 2-066-403, effective as of November 7, 2016 (the "430 Registration").  A true and correct copy of the 430 Registration is attached hereto as <u>Exhibit B</u>.

B.     **Defendant's Infringing Activities**

15.     On July 9, 2017, Defendant ran an article on the Website entitled *The New Spider-Man Franchise Is a Success, Which Is Definitely A Thing That Has Been Said Before*.  See http://www.vulture.com/2017/07/spider-man-homecoming-box-office-hit.html  (the "Article").

16.     Defendant's Article prominently featured the Photograph.  Screenshots of the Article as it appears on the Website are attached hereto as <u>Exhibit C</u>.

17.     Commercial advertisements on Defendant's Website appear adjacent to, below or above the Photograph as displayed by the Article.

18.     Defendant did not obtain a license from Plaintiff to display the Photograph on the Website.

19.     Defendant did not have Plaintiff's permission or consent to publish the Photograph on its Website.

20.     Prior to publishing the Photograph on the Website, Defendant did not communicate with Plaintiff.

<u>**CLAIM FOR RELIEF**</u>
<u>**(COPYRIGHT INFRINGEMENT AGAINST NY MEDIA)**</u>
(17 U.S.C. §§ 106, 501)

21.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-20 above.

22. Defendant infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website.

23. Defendant is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

24. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

25. Upon information and belief, the foregoing acts of infringement by Defendant have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

26. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photograph, pursuant to 17 U.S.C. § 504(c).

27. Plaintiff is further entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

28. Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages. Plaintiff has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant NY Media be adjudged to have infringed upon Plaintiff's copyright in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. That Defendant NY Media be ordered to remove the Photograph from the Website.

3. That Plaintiff be awarded statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

5. That Plaintiff be awarded pre-judgment interest; and

6. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
December 7, 2017

LIEBOWITZ LAW FIRM, PLLC

By: /s/jameshfreeman
James H. Freeman
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel: (516) 233-1660
JF@LiebowitzLawFirm.com

*Attorneys for Plaintiff*
*Steven Ferdman*